**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **CLARENCE L. SIMMONS,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) **CASE NO. 2:08-cv-00419-RDP** |
| | ) |
| **GRANT CULLIVER, WARDEN, and** | ) |
| **RICHARD ALLEN, Commissioner,** | ) |
| **Alabama Department of Corrections,** | ) |
| | ) |
| **Respondents.** | ) |

## MEMORANDUM OPINION

This is an action filed by Clarence L. Simmons (hereinafter "Simmons" or "the petitioner") wherein he seeks review of his state court conviction and death sentence on a charge of capital murder.  (*See* 28 U.S.C. § 2254).  (Doc. 1).[1]  It is presently before the court on the petitioner's "Motion for an Indefinite Stay" of the proceedings due to his mental incapacity. (Doc. 13).  Upon consideration, the Court finds that the motion is due to be denied.

## PROCEDURAL HISTORY

The petitioner was convicted of capital murder on September 25, 1997, and sentenced to death on January 9, 1998, in the Circuit Court of Jefferson County, Alabama.  (Doc. 1 at ¶¶ 2-3). Following State court review of his conviction and sentence, the petitioner filed the present petition for a writ of habeas corpus with this Court on March 10, 2008.  (Doc. 1).

On August 27, 2008, the petitioner's counsel filed a motion to determine the competence of the petitioner to proceed in this matter.  (Doc. 9).  The motion was granted to the extent that the respondents were afforded 45 days to have the petitioner examined by a forensic

---

[1]References herein to "Doc. ___" are to the document numbers assigned by the Clerk of the Court.

psychologist.  (Docket Entry dated February 2, 2009).  The respondents' expert, Dr. Glen King,

evaluated the petitioner on March 10, 2009.  (Doc. 11 at ¶ 3).  His report was submitted to the

court and counsel for Simmons on March 19, 2002.  (Doc. 11-1).

Following a status conference that was conducted by the undersigned, the case was stayed

for six months.  Counsel for the petitioner were directed to file an affidavit by September 24,

2009, informing the court and the respondents of the petitioner's status at that juncture.  (Doc. 12

at ¶ 3).  On September 24, 2009, the petitioner's counsel filed an affidavit of William R.

Montross, Jr., describing the petitioner's physical and mental condition.  (Doc. 12 at 5 of 7).

The court conducted another status conference on October 2, 2009, concerning the

petitioner's situation.  During the conference, the parties agreed that the petitioner was

incompetent to proceed at that time.  On October 19, 2009, counsel for the petitioner filed the

present motion for an indefinite stay of these proceedings.  (Doc. 13).  In support of the motion,

counsel assert as follows:

> ....  An indefinite stay not only reflects the medical reality that Mr.
> Simmons will never regain competency, but it is also a solution adopted by other
> courts that have considered this very issue.  Finally, staying Mr. Simmons's
> federal habeas corpus proceedings indefinitely is the most practical and efficient
> posture for this court to assume, with no prejudice to either party.
>
> An indefinite stay of proceedings is appropriate given the conclusion of *all*
> experts who have evaluated Mr. Simmons that his condition is degenerative and
> will not improve....

(*Id*. at 3).  In opposition to the petitioner's motion, the respondents assert that an indefinite stay

should be denied in favor of a one year stay and a requirement that the petitioner's counsel file an

affidavit attesting to the petitioner's current functioning at the end of the year.  (Doc. 14 at 1).

The petitioner's counsel have filed a reply to the respondents' response, clarifying that they do

2

not intend for the State to be responsible for monitoring the petitioner's condition.  (Doc. 15).

## DISCUSSION

Before addressing the legal question surrounding a stay, it is helpful to place the motion in proper context.  The parties agree that Simmons is not currently competent to assist counsel in filing his 2254 petition.[2]  They disagree about whether the case should be stayed indefinitely or whether it should be stayed for one year intervals after which the petitioner's counsel would have to provide a status update.

Due to the novelty of this situation, there is no direct controlling precedent.  In fact, there is very little authority at all.  In *Rohan ex rel Gates v. Woodford*, 334 F.3d 803, 819 (9th Cir. 2003), the Ninth Circuit Court of Appeals held that capital habeas proceedings must be stayed, "pending restoration of competence," where a petitioner is unable to communicate rationally with counsel regarding claims that could benefit from such communication.  The *Rohan* court remanded the case to the trial court for entry of a stay until the petitioner was deemed competent.

---

[2]  The petitioner submitted a neuropsychological evaluation (doc. 9, pp. 30-46 of 50) in which the expert concluded:

> In summary, as a result of his severe progressive dementia and severe communication disorder, the examiners believe that Mr. Simmons lacks capacity to assist his counsel in any meaningful way during a habeas proceeding, and to understand and participate in such proceedings.

(*Id*. at 46 of 50).  The respondents' expert states:

> It is the examiner's opinion that Mr. Clarence Simmons is totally incapacitated due to the presence of cerebrovascular accidents and Alzheimer's Disease resulting in severe dementia, a condition from which he will never recover.  As a consequence of this condition, Mr. Simmons is unable to understand even the rudiments of any legal proceeding in which he might be involved.  He has no capacity for rational communication on any level and he will not be able to communicate any coherent past events to his legal counsel regarding the circumstances of his murder trial.  In addition, Mr. Simmons will not be able to understand anything that has to do with a waiver of claim or that he has a continuing duty to indicate to the court whether or not he is satisfied with his legal counsel.  He has absolutely no capability of understanding the nature of *habeas* proceedings and he can not assist his legal counsel in any manner whatsoever.  It is further the examiner's opinion that the incapability of Mr. Simmons is the result of his current medical condition which has resulted in significant cognitive decline and impairment resulting in serious dementia from which he will never recover.

(Doc. 11-1, p. 7 of 7).

3

*Id.* Following remand, the trial court issued an indefinite stay. *Rohan v. Brown*, 3:88-cv-02779-WHA, Doc. Entry 565 (N.D. Cal. September 7, 2004) ("Both sides agree the medical reports show Oscar Gates does not meet the 9th Circuit standard for metal competency, therefore the case is stayed indefinitely.").[3]

In *Rhines v. Weber*, 544 U.S. 269, 276-278, 125 S. Ct. 1528, 1534-35, 161 L. Ed. 2d 440 (2005), the United States Supreme Court held that any stay must be compatible with the purpose of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") of reducing delays in the finality of state court judgments and streamlining federal habeas proceedings. The Supreme Court stated that any stay should be reasonable in duration rather than indefinite. *Id.* While *Rhines* involved the application of exhaustion principles in a mixed habeas corpus petition, the court's holding there is instructive here as well.

While a short stay may be appropriate in the mixed petition context, a one year stay in the this action is more appropriate in light of the fact that it is unlikely that Simmons will ever regain his competency. Indefinitely staying the matter, while easier, does not seem prudent and does not comport with the spirit and intent of ADEPA.

## CONCLUSION

Premised on the foregoing, the petitioner's motion for an indefinite stay (doc. 13) is due

---

[3] In *Ferguson v. Secretary for Dept. of Corrections*, 580 F.3d 1183 (11th Cir. 2009), the Eleventh Circuit Court of Appeals "assum[ed] *arguendo* that there is a federal right to be competent during federal habeas proceedings," noting:

The Ninth Circuit has found that there is a statutory right to be competent; however, the other circuits to have discussed the issue have assumed, without deciding, that such a right exists and resolved the competency issue on other grounds. *See Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 807-17 (9th Cir. 2003); *see also Paul v. United States*, 534 F.3d 832, 845-48 (8th Cir. 2008), *cert. denied*, ___ U.S. ___, 130 S. Ct. 51, ___ L. Ed. 2d (2009); *Holmes v. Buss*, 506 F.3d 576, 578-79 (7th Cir. 2007).

580 F.3d at 1221-22, n. 55. In *Ferguson*, the Eleventh Circuit was not called upon to review or fashion the extent of the stay but rather to review the denial of a stay. Furthermore, neither the *Paul* court nor the *Holmes* court were called upon to determine the extent of a stay. The courts in *Ferguson*, *Paul* and *Holmes* all ultimately found the petitioner to be competent.

to be denied.  The present stay, however, is modified to require the petitioner's counsel to submit an affidavit by September 1 of each subsequent year attesting to the petitioner's mental functioning.

**DONE**, this the 28th day of September, 2010.

_John E. Ott_

**JOHN E. OTT**
United States Magistrate Judge

5